PENDLETON et al. v. UNITED STATES & VENEZUELA CO. et al.

(Circuit Court of Appeals, Second Circuit.   April 17, 1906.)

No. 194.

SHIPPING—DEAD FREIGHT AND DEMURRAGE—LIABILITY OF CHARTERER.

Evidence *held* to support findings by the trial court that libelants had not established their claim for dead freight under a charter based on the ground that the water on a bar was not of sufficient depth to enable the vessel to load a full cargo, nor that there was a failure to exercise customary dispatch in discharging which entitled them to demurrage.

[Ed. Note.—Demurrage, see notes to Harrison v. Smith, 14 C. C. A. 657; Randall v. Sprague, 21 C. C. A. 337; Hagerman v. Norton, 46 C. C. A. 4.]

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree of the district court, Southern District of New York, dismissing a libel by the owners of the brig Jennie Hurlbut to recover freight, dead freight, average, and demurrage under a charter of that vessel for a voyage from Maracaibo to New York to carry a full cargo of asphalt in boxes and/or barrels.  The freight and average were paid into court after libel was filed.  The cargo carried was 448 tons while the capacity of the brig was 720 tons.  The contention of libelants is that so short a cargo was taken because there was not water enough on a bar which had to be crossed in getting out of the Gulf of Maracaibo to admit of the vessel carrying more.  The respondents insisted that they had asphalt ready to ship sufficient to give a full cargo, but that the master refused to load it, although there was sufficient water for the brig to carry it out of the gulf in safety.

H. W. Goodrich, for appellants.
Mark Ash, for appellees.

Argued before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM.  The master, whose testimony was taken on deposition, nowhere states that there was not sufficient water, but only that the pilots told him there was not enough.  There is some evidence contradictory of the master's narrative as to his conversation with the pilots; but, conceding that such conversation was exactly as he gives it, it does not prove that the water was in fact insufficient.  As to what the depth really was, it is hearsay merely and not competent.  None of the pilots were examined, as apparently they might have been by deposition.  The only witness who testifies to a lack of sufficient water on the bar is the mate.  His testimony was taken in open court in the presence of the District Judge, who also heard the manager of the asphalt company, Critchfield.  The last-named witness contradicted much of the collateral testimony given by the mate, and positively asserted that the depth of water was considerably greater than the mate asserted, having himself sounded the location repeatedly to determine whether there was sufficient water to insure convenient access to the asphalt plant.  Other witnesses, who testified to a greater depth than the mate asserted that there was,

were also examined in the presence of the District Judge. Manifestly he credited some witnesses and discredited others, and his conclusion on this disputed question of fact will not be disturbed on appeal.

As to the claim for demurrage, the evidence as to what would be "customary despatch" in unloading such a cargo is not satisfactory, the delay in obtaining hoisting apparatus, occasioned by the crowded condition of the port, is excusable and we concur with the District Judge in the conclusion that the libelants have not made out a case upon this claim. Nor do we feel inclined to interfere with the discretion of the District Judge as to the allowance of costs to respondents. It is true that the claims for freight and average were not settled until suit was brought, but thereafter they were promptly paid into court, and the only expense incurred was in litigating the claims in which the libelants were eventually beaten.

The decree is affirmed, with costs.